**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROBERT W. WATSON,**

                **Petitioner,**

    **v.**                              **CIVIL ACTION NO. 1:16cv185**
                                           **(Judge Keeley)**

**PAT MIRANDY, Warden,**

                **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On September 19, 2016, *pro se* petitioner Robert W. Watson ("Petitioner") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1 On October 3, 2016, Petitioner filed his habeas on the court-approved form. ECF No. 8. On October 4, 2016, the undersigned conducted a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly,  Respondent was directed to file an answer to the petition. ECF No. 10.  On November 16, 2016, Respondent filed an Answer [ECF No. 17] and a Motion to Dismiss the petition as untimely [ECF No. 15] with memorandum in support. ECF No. 16. On November 17, 2016, a Roseboro Notice was issued. ECF No. 18. On December 6, 2016, Petitioner filed his Response. ECF No. 21.

### II Standard of Review

A motion to dismiss a § 2254 petition is treated as Rule 12(c) motion for judgment on the pleadings. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); Fed. R. Civ. P 12(c). A court considering a motion for judgment on the pleadings under Rule 12(c) applies the

same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). Burbach Broad Co. V. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). A court must accept all facts pleaded by the § 2254 petitioner as true and draw all reasonable factual inferences from those facts in the petitioner's favor. Walker, 589 F.3d at 139 (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

If evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion for summary judgment under Rule 56, with one important exception. Burbach, 278 F.3d at 406 (citing A.S. Abell Co. V. Baltimore Typographical Union, 338 F.2d 190, 193 (4th Cir. 1964)); Fed. R. Civ. P. 12(d). The motion is not converted into a summary judgment motion if the Court considers documents and facts of which it may take judicial notice. Id. (citing R.G. Fin. Corp. V. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)). The Court may take judicial of certain facts which are not subject to reasonable dispute, Fed. R. Evid. 201, and of the existence and contents of various types of official documents and records. Id. (citing Lovelace v. Software Spectrum, 78 F.3d 1015, 1018 (5th Cir. 1996) (documents filed with government agencies); Anderson v. FDIC, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990)(records of bankruptcy court); Bratcher v. Pharm. Prod. De., Inc., (545 F.Supp.2d 533 n. 3 (W.D.N.C. 2008) (EEOC complaints and right-to-sue notices)). Noting no objection from Petitioner to the truth of the state court record, and in light of the fact that he has submitted numerous court documents himself, the undersigned takes judicial notice of the various court filings offered in support of Respondent's Motion to Dismiss and Petitioner's responses

### III. PROCEDURAL HISTORY

**A. Conviction**

2

On November 8, 2011, Petitioner was indicted on two counts of Sexual Abuse by a Custodian, Parent, or Person in a Position of Trust. ECF No. 15-1 at 2-3. On January 17, 2012, Petitioner filed a complaint regarding his counsel with the West Virginia Lawyer Disciplinary Board. ECF No. 15-2 at 2-3. On January 24, 2012, Petitioner's counsel filed a Motion to Withdraw. ECF No. 15-3. A hearing on the motion was held on January 27, 2012. ECF No. 15-4.  Thereafter, the Circuit Court entered an Order granting the Motion to Withdraw and appointing Kevin Neiswonger to represent Petitioner. ECF No. 15-5 at 2-3.

A trial date was eventually set for April 23, 2012. ECF No. 15-7 at 3. However, on April 23, 2012, the Circuit Court vacated the jury trial and held a plea hearing. ECF No. 15-8. Petitioner waived his right to have the felony charge of incest presented to the Grand Jury and pleaded guilty to one count of Incest as charged in an Information which was tendered to the Court at the hearing. At the conclusion of the hearing, the Court accepted Petitioner's Kennedy[1] plea of Guilty to the felony offense of Incest as charged in the Information.  In addition, the Court accepted the Oral Plea Agreement and found the same to be fair to Petitioner, the victim and the people of the State of West Virginia. The Court then dismissed Marshall County Felony Case Number 11-F-87. Id. at 7. On May 14, 2012, Petitioner was sentenced to a term of 5 to 15 years. ECF 15-10.

## B.  Direct Appeal

Petitioner did not file a direct appeal.

## C. Rule 35(b) Motion for Reduction or Modification of Sentence

---

[1]N.C. v. Alford, 400 U.S. 25 (1970) (holding that "[a]n individual accused of crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime); Kennedy v. Frazier, 178 W.Va. 10, 357 S.E.2d 43 (1987) (adopting Alford).

3

On July 9, 2012, Petitioner filed a *pro se* Rule 35(b) Motion for Reduction or Modification of Sentence. ECF No. 15-11 at 2-3. On July 24, 2012, the Circuit Court denied Petitioner's Rule 35(b) Motion. ECF No. 15-12. Petitioner did not file an appeal.

**D. Petition Under W.Va. Code §3-4A-1 for Writ of Habeas Corpus**

On July 24, 2014, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Marshall County. ECF No. 15-13. Petitioner alleged two grounds for relief: (1) he waived his right to speedy trial without advise of counsel and (2) denial of counsel at a critical stage of the proceedings because the decision regarding whether to waive speedy trial right is a critical stage of the proceedings.  On June 30, 2014, the Circuit Court entered a Dismissal Order denying Petitioner's habeas petition. ECF No. 15-14. The Circuit Court concluded that there was no merit to Petitioner's claim because the Circuit Court and Petitioner had "prolonged intelligent dialogue" regarding the effect of granting counsel's Motion to Withdraw and the waiver of speedy trial rights as a result of appointment of new counsel.

**E.  Appeal of the Circuit Court's Denial of Petitioner's Habeas**

On October 17, 2014, Petitioner filed a *pro se* Notice of Appeal to the West Supreme Court of Appeals of West Virginia (("WVSCA"). ECF No. 16-15. Petitioner raised one assignment of error. Specifically, he alleged that it was error for the Circuit Court to summarily deny his habeas petition without ruling on the merits. Respondent filed a Summary response which noted that "although there is certainly a constitutional right to a speedy trial, there is no *constitutional* right to be tried in the term of the indictment. ECF No. 15-17 at 3 (italics in original).

On April 12, 2016, the WVSCA issued a Memorandum Decision affirming the Circuit Court's denial of Petitioner's habeas petition. ECF No. 15-18. The WVSCA ruled that the Circuit Court properly entered a summary dismissal under West Virginia Code § 53-4A-7(a) because there was no basis to believe that Petitioner was entitled to any relief. Id. at 4. Furthermore, the WVSCA found that Petitioner knowingly and intelligently waived his right to a speedy trial. Id. On May 13, 2016, the WVSCA entered the Mandate. ECF No. 15-19.

**F. Section 2254**

In his pending federal habeas petition pursuant to 28 U.S.C. § 2254, Petitioner raises two grounds for relief. First, he alleges that he was made to waive his right to a speedy trial without counsel which amounts to plain error. In addition, he alleges he was denied effective assistance of counsel when his habeas counsel failed to properly raise and appeal the allegation that the Circuit Court of Marshall County improperly permitted him to waive his right to a speedy trial while he was without counsel or any representation whatsoever.

**G. Respondent's Motion to Dismiss (ECF Nos. 15 & 16)**

Respondent has not addressed the merits of the petition, but instead argues that this Court should dismiss the petition because Petitioner failed to file within the applicable period of limitations set forth in 28 U.S.C. § 2244(d).

**H. Petitioner's Reply (ECF No. 20)**

In his Reply, Petitioner argues that even though his petition is untimely, this Court should hear his claim to avoid "manifest injustice" because of "plain error." He argues that he was without counsel at a critical stage in the proceeding which violated his right to equal

protection. More specifically, he argues that he was forced to stand unprotected and had to barter away his right to a speedy trial in exchange for counsel's appointment for trial.

### III. Timeliness

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1);  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period.  Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition,  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §2244(d)(2);

Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

Petitioner was sentenced on May 14, 2012, and did not file a direct appeal. Under ordinary circumstances, his judgment would have been final no later than September 15, 2012, when his time for perfecting an appeal expired. W.Va. Rules of Criminal Procedure, Rule 37(b)(3). However, in Wall v. Kholi, 562 U.S. 545 (2011), the Court ruled that the one-year ADEPA clock stops running while a motion for sentence reduction is pending. In this matter, Petitioner filed a Rule 35(b) motion on July 9, 2012, during the time in which he could have perfected an appeal. The Circuit Court denied Petitioner's Rule 35(b) Motion on July 24, 2012. In Burton v. Stewart, 549 U.S. 147 (2007), the Court emphasized that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Id. at 798 (internal quotations marks omitted)(quoting Berman v. United States, 302 U.S. 211, 212 (1937)),  Therefore, Petitioner's habeas clock did not begin to run until November 25, 2012, when his time for appealing the denial of his 35(b) motion expired.

Accordingly, the clock on Petitioner's one year statute of limitations began to run on November 26, 2012, and absent a tolling event, the last date on which Petitioner could have

7

filed a timely federal habeas corpus petition was November 27, 2013.

As previously noted,  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).   Petitioner's state habeas petition, filed on July 24, 2014, could not toll the one-year limitations period as there was nothing left to toll at that time.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled").  Consequently, Petitioner filed his § 2254 Petition **more than two years and  nine  months** after the statute of limitations under § 2244 (d)(1)(A) expired.

The undersigned recognizes that the time limit to file a §2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000).  However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (internal citations omitted). Moreover, the United States Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida,

560 U.S. 631, 649 (2010) (quotations omitted).

Petitioner's argument for equitable tolling is difficult to comprehend. He appears to alleges that he was without counsel at a critical stage in the proceedings. This allegation appears to stem from the hearing on his initial trial counsel, Mr. Kurelac's, motion for leave to withdraw. The hearing, which took place on Friday, January 27, 2012, was transcribed and contains the following exchange which took place without the prosecutor's presence, but with the presence of Mr. Kurelac:

> THE COURT:  So, with that, if I grant the Motion, Mr. Kurelac will be relieved of representing you.  I have to appoint you new counsel.  Your trial will not go forward the week of February 6th.  Do you understand that?
>
> MR. WATSON:  Yes.
>
> THE COURT: Okay. You have a right to a speedy trial, sir.  Do you understand that -
>
> MR. WATSON:  Yes.
>
> THE COURT:  -- this term of court?  If I have to reset this trial, it may not take place during this term of court. Do you understand that?
>
> MR. WATSON:  Yes.
>
> THE COURT:  Okay.  Do you at this time, waive, or give up, your right to a speedy trial?
>
> MR. WATSON:  Do I waive it?
>
> THE COURT:  Yes.
>
> MR. WATSON:  And if I do, what does that mean?
>
> THE COURT:  It will go into the next term of court, possibly. I'll try to reset it before this term ends. This term ends March 9th, I believe -- 8th or 9th. I'll try to get it in before that. However, with the reappointment of counsel, they will need some time to get up to speed. So it may -- the trial itself may not take place before March 8th or 9th. Do you understand that?

9

MR. WATSON:  Yes.

THE COURT:  So, it would have to take place in the next term of court. To do that -- um -- you would be waiving, or giving up your right to a speedy trial this term of count (sic).  Do you understand that?

MR. WATSON:  Yes.

THE COURT:  At this time, do you waive, or give up your right to a speedy trial?

Mr. WATSON: Yes.

THE COURT: Okay. Very well.

THE COURT: The Court will find that the waiver has been made willingly, knowingly, voluntarily and with full knowledge of the consequences thereof.  This Court will grant the Motion to Withdraw by Mr. Kurelac. At this time, you are removed of any further obligations to Mr. Watson, other than giving a true and accurate copy to his newly appointed counsel.

Later in the hearing, and apparently after Mr. Kurelac had been excused from the

courtroom, the Petitioner returned to the speedy trial discussion:

MR. WATSON:  Can I ask you a question?

THE COURT:  You have a question?

MR. WATSON:  I don't exactly understand what a "speedy trial" means.

THE COURT:  Okay.

MR. WATSON:  And by waiving my right to it, I really don't know what I'm doing here.

THE COURT:  Well, I explained it to you, sir.  Your right to a speedy trial is, you have a right to be tried in this term of court in which you were indicted.

MR. WATSON:  Um-hum.

THE COURT: This term of year -- the court year is broken into three segments; three four-month segments.  And you were indicted this most recent term by the Grand Jury of Marshall County.  So, the Court has four months to get you that speedy trial. Um -- and that speedy trial ends -- it's March 8th or 9th -- whatever the

Tuesday or Monday the 11th, that term of court ends. And then, on the next day -- the 9th -- the new term of court -- that's when I have the Grand Jury -- begins.  So, that is what a term of court is.  Every four months.

MR. WATSON: Okay.

THE COURT:  And, so, you will need to -- I'm hoping that Mr. Neiswonger will be able to be here on Tuesday.  And you will meet to consult and confer with him, and hopefully, at that time, we will be in a position to give you a new trial date, okay?

MR. WATSON:  Okay.

THE COURT:  Thank you, sir.


Petitioner argues that during this exchange, the court "coerced" him into waiving his

Sixth Amendment right to a speedy trial in exchange for new counsel.[2] Petitioner argues

that this is plain error, which if left unheard, will allow a manifest injustice to continue. Plain

_____

[2]The Sixth Amendment provides as follows:
> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of counsel for his defense.

However, the Sixth Amendment does not guarantee a defendant the right to be tried within one term of court.

 W.Va. Code § 62-3-1 provides in pertinent part: "When an indictment is found in any county, against a person in custody....shall, unless good cause be shown for a continuance, be tried in the same term."  Conversely, W.Va.Code § 62-3-21 provides in pertinent part that: "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without trial, unless the failure to try him was caused by...." In the hearing regarding Mr. Kurelac's Motion to Withdraw as counsel, the discussion centered on the "one term" rule and not the speedy trial provision dealing with three terms. Moreover, although Petitioner waived his right to trial within one term, he not only did not waive the provisions of W.Va. Code § 62-3-21, his trial was set within the second term, and his plea was made within the second term.

11

error, however, is a challenge on the merits of the case and is separate from the timeliness analysis. In other words, because the case is untimely, the Court need not reach the plain error argument.

Petitioner also argues that he was unable to get his "direct appeal" time back so as to reset the federal clock and Attorney Neiswonger, counsel who replaced Mr. Kurelac, was unable to respond to questions on this subject. In addition, Petitioner appears to allege that by filing a state habeas petition on his behalf, Mr. Neiswonger again negated his ability to reset his clock and ultimately proceed in federal court. However, circuit courts have been unanimous in their position that a lawyer's mistake or negligence is not a valid basis for equitable tolling. See Smalldone v. Senkowski, No. 00-2519, 2001 WL 1453925, at*4 (2nd Cir. Nov. 16, 2001)("ordinary mistake" made by counsel regarding the "rules applied to the deadlines for filing of habeas petitions" did not justify equitable tolling); Fehy v. Horn, 240 F.3d 239, 244 (3rd Cir. 2001) (in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to "extraordinary" circumstances required for equitable tolling);  Harris v. Hutchinson, 209 F.3d 325, 330-21 (4th Cir. 2000) (a mistake by a party's counsel interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity would step in to give the party the benefit of erroneous understanding); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); Kreutzer v. Bowersox, 231 F.3d 460, 463 *8th Cir. 2000) (counsel's confusion about the applicable statute of limitations does not warrant equitable tolling); Frye v. Hickman, No. 99-15935, 2001 WL 1524538, at *2 (9th Cir. Dec. 3, 2001) (limitations period was not equitably tolled by counsel's miscalculation of

limitations period, and general negligence in failing to timely file petition); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271-72 (11th Cir.1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the § 2255 petition by ordinary mail instead of express mail).

Accordingly, without more, the failure of Petitioner's attorney to file a state habeas petition prior to the expiration of the § 2254 statute of limitations, does not present an extraordinary circumstance to justify tolling the statute of limitations. Petitioner does not allege, much less establish, that he diligently pursued his state habeas in any manner following the denial of his Rule 35(b) motion on July 24, 2012, and the two year interval prior to July 24, 2014, when his writ of habeas corpus was filed in the circuit court. There is no allegation that  Petitioner repeatedly communicated with Mr. Neiswonger regarding filing the habeas, nor that Mr. Neiswonger led Petitioner to believe that a petition had been filed before it was filed or that a petition was being prepared. Furthermore, although Petitioner alleges that he was without his "paperwork" until he was transferred to the Stevens Correctional Center in 2013, he offer no explanation as to why he could not complete the form petition [ECF No. 1-2] without his paperwork or why he did not file a *pro se* habeas petition when he received his paperwork.

### IV.  Recommendation

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss [ECF No. 15] be **GRANTED** and the Petition [ECF No. 1] be  **DENIED** and **DISMISSED WITH PREJUDICE** because it is untimely.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley,  United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);  Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and provide a copy to counsel of record via electronic means.

Dated: July 19, 2017

/s Michael John Aloi

**MICHAEL JOHN ALOI**
**UNITED STATES MAGISTRATE JUDGE**

14