IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT W. WATSON, JR.,**

   **Petitioner,**

**v.**            **CIVIL ACTION NO. 1:16CV185**
                **(Judge Keeley)**

**PAT MIRANDY, Warden,**

   **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

On September 9, 2016, the pro se petitioner, Robert W. Watson, Jr. ("Watson"), filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Dkt. No. 1). He contends that, during his West Virginia criminal proceedings, he was forced to waive his right to a speedy trial without the benefit of counsel, and that his habeas counsel was ineffective for failing to raise this issue (Dkt. No. 6 at 6-9). Watson further argues that, although his conviction became final more than one year before he filed the Petition, it is timely based on his "invoking of plain error doctrine." For relief, Watson seeks immediate release and asks the Court to set aside his conviction and void his sentence. Id. at 19-20.

Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review. After being directed to show

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

cause, the respondent filed a motion to dismiss the Petition as untimely (Dkt. No. 15). He argued that, at the latest, Watson's conviction became final and triggered the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) on February 23, 2013 (Dkt. No. 16 at 8-10). Although Watson had filed a habeas petition in state court on July 24, 2014, that proceeding commenced more than one year after his conviction had become final, and thus could not toll the statute of limitations, which the respondent contends expired on February 24, 2014. Id. at 10. In his response, Watson argued that the Court should hear his untimely petition to avoid a "manifest injustice" (Dkt. No. 20 at 2).

In his Report and Recommendation ("R&R"), Magistrate Judge Aloi recommended that the Court deny and dismiss the Petition (Dkt. No. 31). The R&R reasoned that Watson's one-year statutory period began to run on November 26, 2012. Absent a tolling event, the limitations period thus expired on November 27, 2013, well before Watson filed the Petition. Id. at 7-8. Magistrate Judge Aloi further reasoned that Watson could take advantage of neither statutory nor equitable tolling. First, although Watson pursued state habeas relief by filing a petition on July 24, 2014, see 28 U.S.C. § 2244(d)(2) (excluding from the one-year limitations period

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

"time during which a properly filed application for State post-conviction" relief is pending), the period in which to seek federal habeas relief had already expired and "there was nothing left to toll." Second, Watson is not entitled to equitable tolling because he failed to pursue his rights diligently or to demonstrate that an extraordinary circumstance prevented timely filing (Dkt. No. 31 at 8-13).

The R&R also informed Watson of his right to file "written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections." Id. at 14. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. Watson filed timely objections on July 28, 2017 (Dkt. No. 34).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made

3

**WATSON V. MIRANDY**                                              **1:16CV185**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND
DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, Watson's one-page objection fails to identify any specific errors and, in fact, contains only passing reference to the R&R (Dkt. No. 34). Instead, Watson summarizes the factual and procedural basis of his claims, and argues generally that he is entitled to equitable tolling because any delay in filing his

4

**WATSON V. MIRANDY** 1:16CV185

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND
DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

direct appeal - rather than the relevant delay in seeking habeas relief - was beyond his control. <u>Id.</u> at 1. These reiterations and general contentions, all of which were fully and fairly addressed in the R&R, place the Court under no obligation to conduct a <u>de novo</u> review. <u>Diamond</u>, 414 F.3d at 315. Therefore, upon review of the R&R and the record for clear error, the Court adopts the recommendation of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 31).

In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 31);

2. **OVERRULES** Watson's objections (Dkt. No. 34);

3. **GRANTS** the respondent's motion to dismiss the Petition as untimely (Dkt. No. 15); and

4. **DENIES** the Petition (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the

**WATSON V. MIRANDY**                                                  **1:16CV185**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 31],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 15], AND
DENYING AND DISMISSING WITH PREJUDICE THE PETITION [DKT. NO. 1]**

certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254(a).

The Court finds that it is inappropriate to issue a certificate of appealability in this matter because Watson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court finds that Watson has not made the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

Dated: August 7, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE